NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-229-KKC

LESLIE ALLEN ACHTER                                                                                      PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS                                                                    RESPONDENT

This matter is currently before the Court for consideration. On July 18, 2005, the petitioner, Leslie Allen Achter, an individual presently confined in the United States Prison-Big Sandy ("U.S.P.-Big Sandy) in Inez, Kentucky, filed a *pro se* petitioner for habeas corpus under 28 U.S.C. §2241 [Record No. 1]. The plaintiff did not pay the requisite $5.00 filing fee.

When the petitioner filed the habeas corpus petition, he failed to provide the following: (1) an affidavit of assets/*in forma pauperis* application; and (2) a "Certificate of Inmate Account" for the six-month period preceding the filing of the petition. In light of the fact that the plaintiff is proceeding *pro se*, the Court entered a "Deficiency Order" on August 1, 2005. In it, the Court ordered the petitioner to provide the Court, within thirty (30) days: (1) an affidavit of assets/*in forma pauperis* application and (2) a "Certificate of Inmate Account" for the six-month period preceding the filing of the complaint.[1]

---

[1] The Court also provided the plaintiff with several forms to facilitate his submission of a proper complaint: (1) a Form 122 (*in forma pauperis* application); (2) a Form 117, "Certificate of Inmate Account"; and (3) a Form 118, on which he could set forth his attempts, if any, to administratively exhaust his claims.

1

The Court clearly advised and informed the petitioner that if he failed to comply with the "Deficiency Order" within thirty days, the Court would order the case dismissed for want of prosecution, *i.e.*, failure to demonstrate exhaustion of administrative remedies. The "Deficiency Order" also stated that if the Court dismissed the petition on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of filing fee [*See* Record No. 3].

The record reflects that on August 1, 2005, the Clerk of this Court mailed a copy of the "Deficiency Order" to the petitioner at his listed and last known address: "Leslie Allen Achter, #23458-044, U.S.P. - BIG SANDY, P.O. Box 2068, Inez, KY 41224" [*See* Record No. 3; (Attachment: Clerk's Notation)].

There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the petitioner at his last known address on August 1, 2005, at U.S.P.-Big Sandy, was returned to the Court through the mail as "Undeliverable" for any reason. The petitioner has not responded to the "Deficiency Order," and his time for compliance with the "Deficiency Order" has expired. This record does not reflect that the petitioner has requested an extension of time in which to respond to the "Deficiency Order."

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The Court determines that the petitioner bears some responsibility in pursuing his claims in timely fashion, but that he has not diligently advanced his claims despite opportunities from the Court to

2

do so. The Court construes the petitioner's failure to respond to the "Deficiency Order" as an abandonment of his claims. The Court determines that this proceeding should be dismissed for want of prosecution, the plaintiff having failed to comply with the "Deficiency Order."

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

Dated this 7th day of October, 2005.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge